UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
: CR 06 87 T
v. :
:
MICHELLE LAUREANO :

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, MICHELLE LAUREANO, have reached the following agreement:

1. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges one count of Conspiracy to Defraud the Government with Respect to Claims, in violation of Title 18, United States Code, Section 286. The Defendant will plead guilty to the Information.

2. Defendant further agrees, upon execution of this agreement, to cooperate with the United States as follows:

a. She will meet with government representatives as often as necessary and provide complete and truthful information to them.

b. She will appear and testify fully and truthfully in any and all legal proceedings, including, but not limited to, grand jury, trial, re-trial, and sentencing proceedings.

3. Defendant understands and agrees that any and all statements, information, and testimony she provides must at all times be complete and truthful. If, at any time, she wilfully provides any false statement, information, or testimony, she shall be subject to prosecution for

doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury.

4. In exchange for the Defendant's waiver of indictment and plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines"), including probation or a "split-sentence" if permitted.

b. For purposes of determining the offense level, the government agrees to recommend a 2 or 3 level reduction in the offense level, whichever is applicable, for acceptance of responsibility under §3E1.1 of the guidelines.

c. The government is free to recommend any combination of imprisonment, supervised release and fines which it deems appropriate.

d. If the government, in its sole discretion, determines that Defendant has provided substantial assistance to the government in the investigation or prosecution of another person, the Government will file a motion under §5K1.1 of the guidelines asking the Court to impose a sentence below the guideline sentencing range or any applicable statutory minimum sentence. Defendant understands that the decision whether to file such a motion is solely up to the government and the decision whether, and to what extent, to grant it is solely up to the Court. The government has not made any promises or representation about what sentence it will recommend or what sentence the Court will impose.

5. The Defendant and the government agree to jointly recommend to the Court that the total amount of the loss relating to Count 1 of the Information under §2B1.1 of the guidelines is $73,253.00.

6. The maximum statutory penalty for a violation of 18 U.S.C. §286 is as follows:

a. 10 years imprisonment;

b. a fine of up to $ 250,000, or twice the amount of the gain or loss from the offense, whichever is greater;

c. a term of supervised release of up to 3 years; and

d. a mandatory special assessment of $ 100.00.

7. Defendant agrees that, after she and her counsel sign this agreement, counsel will return it to the United States Department of Justice, Tax Division along with a money order or certified check, payable to the Clerk, United States District Court, in payment of special assessments.

8. Defendant understands that she has the following rights:

a. to be represented by an attorney at every stage of the proceeding against her;

b. to persist in a plea of not guilty;

c. to be tried by a jury;

d. to have counsel assist her in that trial;

e. to confront and cross-examine the witnesses against her;

f. to call witnesses on her own behalf; and

g. to testify on her own behalf, if she wishes, but also a right against self-incrimination and that she, therefore, could not be forced to testify.

Defendant further understands that, by pleading guilty, she gives up her right to a trial and that, by answering the Court's questions, she also gives up her right not to incriminate herself.

9. The government reserves its full right of allocution, including the right to present

any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 4 and 5, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including all application of the guidelines and the sentence to be imposed. The Court is not bound by the government's recommendations and is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than she expects, Defendant will not be allowed to withdraw her plea of guilty.

12. This agreement is binding on the government only if Defendant pleads guilty, fulfills all her obligations under the agreement, does not engage in any conduct which may constitute obstruction of justice under §3C1.1 of the guidelines, does not commit any new offenses, and does not otherwise violate the terms of her release or detention pending sentence. Defendant understands that if she violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. In the event of any such violation, Defendant shall not have the right to withdraw her guilty plea.

13. This agreement is limited to the District of Rhode Island and does not bind any other federal, state or local prosecutive authorities. Furthermore, this agreement is subject to the approval of the United States Attorney of the District of Rhode Island and the Tax Division of

the Department of Justice.

14. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced her to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all parties in order to be effective.

15. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

16. Defendant states that she has read the agreement or has had it read to her, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| MICHELLE LAUREANO<br>Defendant | 5/18/06<br>Date |
| JOHN E. MACDONALD, ESQ.<br>Counsel for Defendant | 5-18-06<br>Date |
| RITA G. CALVIN<br>U.S. Department of Justice | 6/1/06<br>Date |
| GERARD B. SULLIVAN<br>Chief, Criminal Division | June 28, 2006<br>Date |