**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 06-87T** |
| | : | |
| **MICHELLE LAUREANO** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR VARIANT SENTENCE**

Now comes the defendant, Michelle Laureano, by and through counsel, and respectfully submits the following memorandum in support of her Motion for Variant Sentence.

FACTS AND TRAVEL

Ms. Laureano is charged in a one-count information with Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. §286. In February and March of 2003, Ms. Laureano and her co-defendant, Ana Holquin, prepared and filed false tax returns for fifteen individuals. The returns falsely claimed income tax withholdings for fictitious schedule C businesses. These tax returns requested an aggregate refund of $73,253. No monies were ever received since the IRS flagged the returns as fraudulent.

In February of 2004, Ms. Laureano and the under-signed counsel met with AUSA Reich and IRS agent Keough. Ms. Laureano admitted her responsibility for her actions and promised her full cooperation, including grand jury and in-court testimony if necessary. No further action took place until counsel was contacted by AUSA Calvin in February of 2006. Counsel was

informed that Ms. Laureano's testimony would not be necessary. In July of 2006, an information and plea agreement was filed with the Court. The plea agreement contains a 5K1.1 provision. While Ms. Laureano further cooperated with the government by obtaining additional information as to the location of another individual involved in this scheme, her cooperation is not considered substantial assistance by the Government and a 5K1.1 Downward Departure Motion will not be filed.

On December 15, 2006, the co-defendant, Ana Holquin, was sentenced to 5 years probation. Sentencing in this matter is scheduled for July 12, 2007.

## ADVISORY GUIDELINE RANGE

In this matter, the advisory guideline range is 10 to 16 months. This is based on an adjusted base offense level of 12 and a criminal history category of I. PSR at ¶ 51. This range is within Zone C of the Sentencing Table. Id.

## §3553(A) SENTENCING FACTORS

United States v. Booker, 543 U.S. 220 (2005), requires a sentencing court to consider various sentencing factors set fourth in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary." These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See United States v. Crosby, 397 F.3d 110, 114-15 (2nd Cir. 2005). This Court may also exercise its discretion based upon the nature of the contraband, cocaine base, and the severity of the projected guideline sentence. See United States v. Pho, 433 F.3d 53 (1st Cir. 2006).

The Pre-Sentence Investigation Report details Ms. Laureano's extraordinarily difficult life. See ¶ 28-34. Ms. Laureano grew up in abject poverty in Puerto Rico and Massachusetts. PSR ¶ 29. She is the sole provider for her mother and three young children. PSR ¶ 28. Ms. Laureano became pregnant with her first child at the age of 15. ¶29. She currently has sole custody of all three children: Neirely, age 14; Jasmin, age 10 and Jaydeen, age 2. The fathers of her children do not have contact with the children nor do they provide any financial support.

¶32-33. Ms. Laureano's oldest daughter, Neirely, is diagnosed with a severe case of Attention Deficit Hyperactivity Disorder (ADHD). ¶32. According to the PSR, "Ms. Laureano has played a highly active and essential role in the education and necessary psychological treatment of her daughter." ¶32. Ms. Laureano and Neirely meet frequently with a psychologist, resource counselor and behavioral coach. Id.

## SENTENCE RECOMMENDATION

Counsel for Ms. Laureano respectfully requests the imposition of a probationary sentence along with the $100 mandatory assessment. Imposing this sentence achieves the necessary requirements of a just punishment and deterrence while ensuring that Ms. Laureano's three children and mother continue to receive her necessary assistance and support. Ms. Laureano's acceptance of responsibility, her full cooperation with the government and her personal circumstances justify the imposition of this variant sentence. A probationary sentence is also consistent with the probationary sentence imposed on the co-defendant, Ana Holquin.

For the foregoing reasons, the defendant, Michelle Laureano, respectfully requests that this Honorable Court grant her Motion for Variant Sentence.

Respectfully submitted,
Michelle Laureano
By her attorney,

/s/ John E. MacDonald

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**CERTIFICATION**

I hereby certify that on July 5, 2007 a true copy of this document was delivered electronically using the CM/ECF system which will send notification to A.U.S.A. Rita Colvin at rita.g.calvin@usdoj.gov and by regular mail, postage prepaid to A.U.S.A. Rita Colvin at U.S. Department of Justice, Tax Division, 601 D Street, NW, Washington, DC 20530.

/s/ John E. MacDonald

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)